UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN VIGDOR, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>SUPER LUCKY CASINO, INC., et al.,<br><br>   Defendants. | Case No. 16-cv-05326-HSG<br><br>**ORDER DENYING MOTION TO PARTIALLY LIFT DISCOVERY STAY**<br><br>Re: Dkt. No. 46 |

Pending before the Court is Plaintiffs' motion to partially lift the Private Securities Litigation Reform Act ("PSLRA") discovery stay. Dkt. No. 46. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7–1(b).

As both parties acknowledge, under the PSLRA, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B); *SG Cowen Sec. Corp. v. U.S. Dist. Court for N. Dist. of CA*, 189 F.3d 909, 913 (9th Cir. 1999) ("[D]iscovery should be permitted in securities class actions *only after the court has sustained the legal sufficiency of the complaint.*"). Because Plaintiffs have not adequately demonstrated that the stay will result in the loss of evidence or other prejudice to Plaintiffs, the Court DENIES the motion.

On June 29, 2017, Plaintiffs filed a notice that they intend to eliminate the Securities Exchange Act claim from their amended complaint. *See* Dkt. No. 56. Until Plaintiffs file the amended complaint, however, the discovery stay will remain in effect. After Plaintiffs file their amended complaint, the parties shall meet and confer regarding a proposed discovery schedule

before the August 1, 2017 case management conference, and include the proposed schedule in their joint case management statement.

**IT IS SO ORDERED.**

Dated: July 5, 2017

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge