UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN VIGDOR, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SUPER LUCKY CASINO, INC., et al.,<br><br>　　　　Defendants. | Case No. 16-cv-05326-HSG<br><br>**ORDER ON ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 150, 154, 158, 159, 163 |

Pending before the Court are the parties' administrative motions to file under seal documents in connection with the parties' motions *in limine*. Dkt. Nos. 150, 154, 158, 159, 163. The Court **GRANTS IN PART** and **DENIES IN PART** the motions to file under seal, as described below.

## I.  LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II. DISCUSSION

Because the parties move to file documents related to their motions *in limine*, the Court will apply the lower good cause standard.

The parties have provided good cause for sealing portions of the various documents listed below because they contain confidential business and financial information relating to the operations of Defendants. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623 (N.D. Cal. Dec. 10, 2012); *see also Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014) (holding sensitive financial information falls within the class of documents that may be filed under seal). Further, several of the current sealing requests seek to seal information materially identical to prior sealing requests, which this Court granted. *See* Dkt. No. 143. The Court sees no reason why it should here find that information it previously deemed sealable no longer meets the standard.

However, as detailed below, a number of the parties' proposed sealing requests are based on the parties' designation of the material as "Confidential." A designation of confidentiality is

2

not sufficient to establish that the material is sealable. *See* Civ. L. R. 79-5(d)(1)(A). And for many of these sealing requests, the designating party failed to file a declaration in support of sealing the portions sought to be redacted, and therefore did not comply with Civil Local Rule 79-5(e). *See* Civ. L.R. 79-5(e)(1). The Court denies the sealing of documents relating to material designated "Confidential" for which the designating party failed to provide support.

Accordingly, the Court **ORDERS** as follows:

| Docket Number Public/(Sealed) | Document | Portions Sought to be Sealed | Ruling |
|---|---|---|---|
| *Defendants' Admin. Motion to Seal, Dkt. No. 150* | | | |
| 151-1/(150-5) | Excerpts of Defendants' Motion *in Limine* No. 1 | Pages and lines: 2:7-16; 2:19; 2:22–24; 3:1–2 | **DENIED**: no supporting Rule 79-5(e)(1) declaration from Plaintiffs |
| 151-2/(150-6) | Excerpts of Defendants' Motion *in Limine* No. 2 | Pages and lines: 1:20–24; 2:24–25; 3:22–25; 4:11–13; 4:22–23 | **GRANTED**: confidential business information |
| Entire documents sealed/(150-7, 150-8, 150-9, 150-10, 150-11) | Exhibits A-E to the Declaration of Julia Allen ISO Defendants' Motions *in Limine* Nos. 1 and 2 | Entire Exhibits | **DENIED** as to Exhibits A–D: no supporting Rule 79-5(e)(1) declaration from Plaintiffs<br><br>**GRANTED** as to Exhibit E: confidential business information |
| *Plaintiffs' Admin. Motion to Seal, Dkt. No. 154* | | | |
| 154-3/(154-4) | Excerpts of Plaintiffs' Motion *in Limine* No. 2 | Pages and lines: 1:16–20; 1:23–2:1; 2:18–20 | **GRANTED**: confidential business information |
| Entire document sealed/(154-6) | Exhibit 1 to the Declaration of Robert Estrin ISO Plaintiffs' Motion *in Limine* No. 2 | Entire Exhibit | **GRANTED**: confidential business information |
| *Plaintiffs' Admin. Motion to Seal, Dkt. No. 158* | | | |
| 158-3/(158-5) | Excerpts of Plaintiffs' Opposition to Defendants' Motion *in Limine* No. 1 | Pages and lines: 2:5–9 | **DENIED**: no proffered good cause to seal |
| 158-4/(158-6) | Exhibits C–H to the Declaration of Robert Estrin ISO Plaintiffs' Opposition to Defendants' Motion *in* | Entire Exhibits | **DENIED** as to Exhibit C: no proffered good cause to seal<br><br>**GRANTED** as to |

| Docket Number Public/(Sealed) | Document | Portions Sought to be Sealed | Ruling |
|---|---|---|---|
| | *Limine* No. 1 | | Exhibits D–H: confidential business information |
| *Plaintiffs' Admin. Motion to Seal, Dkt. No. 159* | | | |
| 159-3/(159-4) | Excerpts of Plaintiffs' Opposition to Defendants' Motion *in Limine* No. 2 | Pages and lines: 1:7–9; 3:5–10; 3:24–27; 4:12–13 | **GRANTED**: confidential business information |
| *Defendants' Admin. Motion to Seal, Dkt. No. 163* | | | |
| 164/(163-5) | Excerpts of Defendants' Opposition to Plaintiffs' Motion *in Limine* No. 1 | Pages and lines: 1:17; 4:18–19 | **DENIED**: no supporting Rule 79-5(e)(1) declaration from Plaintiffs |
| 165/(163-7) | Excerpts of Defendants' Opposition to Plaintiffs' Motion *in Limine* No. 2 | Pages and lines: 2:6–8; 2:25–3:9; 3:11–3:16; 3:25–4:9 | **GRANTED**: confidential business information |
| 166/(163-9) | Excerpts of Defendants' Opposition to Plaintiffs' Motion *in Limine* No. 3 | Pages and lines: 2:4–7; 2:10–11; 2:12–14 | **GRANTED**: confidential business information |
| Entire documents sealed/(163-10; 163-11; 163-12; 163-13) | Exhibits A–D to the Declaration of Julia Allen ISO Defendants' Opposition to Plaintiffs' Motions *in Limine* Nos. 1 and 3 | Entire Exhibits | **DENIED**: no supporting Rule 79-5(e)(1) declaration from Plaintiffs |

## III. CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** Dkt. Nos. 150, 158, and 163, and **GRANTS** Dkt. Nos. 154 and 159. The Court **DIRECTS** the parties to file public versions of all documents for which the proposed sealing has been denied within seven days of this order. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal.

**IT IS SO ORDERED.**

Dated: 9/23/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge